**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
jml@jmllaw.com
JARED W. BEILKE, STATE BAR NO. 195698
jared@jmllaw.com

**Attorneys for Plaintiff**
AGNES DEIRDRE MORRISEEY-BERRU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES DEIRDRE MORRISSEY-BERRU, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> OUR LADY OF GUADALUPE SCHOOL; a California non-profit corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR**: <br><br> 1. **DISCRIMINATION ON THE BASIS OF AGE;** <br> 2. **RETALIATION IN VIOLATION OF THE ADEA; and** <br> 3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, AGNES DEIRDRE MORRISSEY-BERRU, hereby brings her employment complaint against the above-named Defendants and states and alleges as follows:

## JURISDICTION AND VENUE

1. This is an employment lawsuit, brought pursuant to 29 U.S.C. § 621 et. seq. to remedy violations of the Age Discrimination in Employment Act ("ADEA").

2. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the laws of the United States of America.

3. The venue is appropriate since the actions giving rise to this lawsuit occurred in Los Angeles County, California, which is located within this district.

## THE PARTIES

4. At all times mentioned herein, Plaintiff AGNES DEIRDRE MORRISSEY-BERRU, age 65, was a resident of the State of California.

5. At all times mentioned herein, Defendant OUR LADY OF GUADALUPE SCHOOL was a California non-profit corporation that operated a private school, located at 340 Massey Street, Hermosa Beach, CA 90254.

6. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

7. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## ALLEGATIONS

9. Plaintiff commenced employment with Defendant OUR LADY OF GUADALUPE SCHOOL as a full-time teacher in or around September 1999.

10. In the spring semester of 2014, Ms. Morrissey-Berru was told that she was not implementing the new reading and writing program correctly.

11. In or around August 2014, Plaintiff was demoted from a full-time teacher to a part-time teacher. In or around May 2014, Ms. Morrissey's supervisor, Principal Beuder, falsely accused Plaintiff of wanting to retire and stated that "because she wanted to retire and because she wasn't correctly implementing the reading and writing program", Plaintiff was going to be demoted to part-time.

12. Plaintiff never stated she wanted to retire.

13. In August 2014, Principal Beuder replaced Plaintiff with a teacher who had no English/ Writing experience and who was much younger.

14. On or around August 2014, Plaintiff applied for a full-time teaching position at St. James Catholic School in Torrance. The principal of St. James spoke to Principal Beuder and then told Plaintiff that, "Ms. Beuder said good things about you, but she remarked that this was your last year of teaching." Plainiff's job interview with St. James Catholic School was cancelled, and she was told that they had hired someone else.

15. In May 2015, Plaintiff turned in her letter of intent to work the next school year. However, on May 13, 2015, Principal Beuder called Plaintiff into the Principal's office and told her that she would not be asked to return due to budget cutbacks. Principal Beuder during this conversation again falsely accused Plaintiff

of agreeing to retire at the end of the school year. Plaintiff denied ever agreeing to retiring and told Principal Beuder that she needed to work. After Plaintiff left Principal Beuder's office, Ms. Beuder followed her out to the playground and threatened to give Plaintiff a bad recommendation if she told anyone she had been fired. Another teacher, Jack Moore, witnessed this conversation.

16. Plaintiff immediately filed a complaint with the Archdiocese of Los Angeles.

17. One of Plaintiff's coworkers, Ms. Bosch, told Plaintiff that in the summer of 2014, Principal Beuder said "I know how to get rid of older people. You cut their hours and make them so miserable they don't want to be here."

18. Plaintiff is informed and believes, and thereon alleges, that Defendant terminated Plaintiff's employment because of her age.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. On June 2, 2015, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a "Right-To-Sue" letter from the EEOC on September 19, 2016. This Complaint is timely filed pursuant to that letter.

## FIRST CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF AGE (ADEA, 29 U.S.C. § 620 et seq.)
**(Against ALL Defendants)**

20. Plaintiff restates and incorporates herein paragraphs 1 through 19, inclusive, of this Complaint as though fully set forth herein.

21. Defendant is an employer as defined in the ADEA, 29 U.S.C. § 620 et seq.

22. At all relevant times, Plaintiff was an employee within the meaning and definition of the ADEA, 29 U.S.C. §631.

23. As fully alleged above, at all times mentioned herein, Plaintiff was an experienced and qualified teacher for Defendant. At all times mentioned herein, Plaintiff was an exemplary employee. Despite all this, Defendant terminated Plaintiff's employment and gave her position to a younger and less experienced teacher.

24. Plaintiff is informed and believes and based thereon alleges that she was terminated from employment with Defendant because of her age.

25. Plaintiff's age is a substantial motivating factor for the discrimination against Plaintiff in the terms, conditions or privileges of employment.

26. In terminating Plaintiff's employment, Defendant subjected Plaintiff to discrimination on the basis of her age in violation of the ADEA, 29 U.S.C. § 620 et seq.

27. By the aforesaid acts and omissions of Defendant, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

28. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is therefore entitled to liquidated damages in amounts to be proven at trial. 29 U.S.C. § 216(b).

29. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

30. Plaintiff is informed and believes, and thereon alleges, that the Defendant, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional

oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

31. As a further, direct and proximate result of Defendant's violations of The ADEA, as heretofore described, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorneys' fees be awarded pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE ADEA
### (Against ALL Defendants)

32. Plaintiff restates and incorporates herein paragraphs 1 through 31, inclusive, of this complaint as though fully set forth herein.

33. Defendant is an employer as defined in the ADEA, 29 U.S.C. § 620 et seq.

34. At all relevant times, Plaintiff was an employee within the meaning and definition of the ADEA, 29 U.S.C. §631.

35. At all times herein mentioned, the ADEA was in full force and effect and was binding on Defendants. The ADEA prohibits retaliation against any person based on age.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant terminated Plaintiff's employment because of her age.

37. Defendants' conduct as alleged above constituted unlawful retaliation.

38. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment

related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

39. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

40. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against ALL Defendants)

41. Plaintiff realleges and incorporates herein paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth.

42. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 et seq., is to prohibit employers from discriminating, harassing and retaliating against any individual engaging in a protected activity. This public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

43. Accordingly, the actions of Defendant, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

44. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

45. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent the termination of its employees based on the protected classes identified in the EEOC and ADEA. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;

2. For medical expenses and related items of expenses, according to proof;

3. For loss of earnings, according to proof;

4. For attorneys' fees, according to proof;

5. For prejudgment interest, according to proof;

6. For costs of suit incurred herein; and

7. For such other relief and the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 19, 2016      JML LAW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH

JARED W. BEILKE

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800