UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-09353-SVW-AFM | Date | September 27, 2017 |
|---|---|---|---|
| Title | *Agnes Deirdre Morrissey-Berru v. Our Lady of Guadalupe School* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING SUMMARY JUDGMENT [27]

Plaintiff Agnes Deirdre Morrissey-Berru filed the Complaint on December 19, 2016. Defendant Our Lady of Guadalupe School ("Guadalupe") filed a motion for summary judgment on August 18, 2017. Plaintiff filed an opposition to the motion on August 28, 2017. For the following reasons, the motion for summary judgment is GRANTED. The prevailing shall submit a proposed judgment consistent with this order. All previously set dates are vacated.

### I. Factual Background

This is an employment lawsuit, brought pursuant to 29 U.S.C. § 621 et. seq. to remedy alleged violations of the Age Discrimination in Employment Act ("ADEA"). Plaintiff alleges that she was moved from a full-time contract to a part-time contract because of her age.

Our Lady of Guadalupe School is a Catholic parish school under the jurisdiction of the Archdiocese of Los Angeles. Declaration of April Beuder ("Beuder Decl.") ¶3. In 1998, Morrissey-Berru began working at Our Lady of Guadalupe as a substitute teacher. (Deposition of Agnes Morrissey-Berru 19:4-19:10.) When she began working for the school, Morrissey-Berru was forty-seven years old. (Deposition of Anges Morrissey-Berru 12:19-12:20; 19:4-19:10). She began as a full-time 6th grade teacher in the fall of 1999. She taught 6th grade for 10 years, after which she switched to teaching 5th grade. The intervening period is unimportant for the purposes of the instant motion. The next significant event occurred in 2014. Plaintiff signed the part-time contract for the 2014-2015 school year on May 19, 2014. (Dkt. 38 at 2).

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-09353-SVW-AFM | Date | September 27, 2017 |
|---|---|---|---|
| Title | *Agnes Deirdre Morrissey-Berru v. Our Lady of Guadalupe School* | | |

### II. Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Discussion

#### A. *Plaintiff's Claim Is Barred by the Ministerial Exception*[1]

The ministerial exception is an exception to Title VII of the Civil Rights Act, and its supplemental legislation, the ADEA. The exception is "grounded in the First Amendment," and "precludes application of such legislation to claims concerning the employment relationship between a religious institution and its ministers." *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 132 S. Ct. 694, 704 (2012); *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169 (5th Cir. 2012) (ministerial exception bars claims under the ADEA). The ministerial exception is "intended to protect the relationship between a religious organization and its clergy from constitutionally impermissible interference by the government." *Werft v. Desert Sw. Annual Conf. of United Methodist Church*, 377 F.3d 1099, 1101 (9th Cir. 2004);

---

[1] The Court notes that part of Plaintiff's claim may also be time barred. Here, the presentation of the part-time contract is the alleged discriminatory act. Although the effects would not become "most painful" until Plaintiff actually started drawing her reduced salary, she was clearly notified of the consequences when she signed the contract in May of 2014. Plaintiff alleges that "at the time" she signed the contract in May 2014, she was asked if she wanted to retire (Plaintiffs Undisputed Material Facts "PUMF" 113), and believed she was being replaced by an individual "who was in his 30's". (PUMF 117).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-09353-SVW-AFM | Date | September 27, 2017 |
|---|---|---|---|
| Title | *Agnes Deirdre Morrissey-Berru v. Our Lady of Guadalupe School* | | |

*Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 945-946 (9th Cir. 1999).

    Our Lady of Guadalupe School is clearly a religious institution, and Plaintiff does not seriously contest this fact in its pleadings. Instead, the main question here is if Plaintiff qualifies as a "minister" for purposes of the exception. "[N]either the Supreme Court nor [the Ninth Circuit] has ever expressly limited the ministerial exception to particular types of positions, and both courts have expressly declined to adopt any bright line rule defining the scope of the exception." *Puri v. Khalsa*, 844 F.3d 1152, 1159 (9th Cir. 2017). Indeed, there is no "particular test for determining whether a particular church employee ... should be considered a 'minister' for First Amendment purposes." *Id.* (internal quotations and citations omitted).

    That being said, the Supreme Court has offered some guidance on how to make this determination. First, Courts should consider the formal ordainment and title at issue. *Hosanna–Tabor*, 132 S.Ct. at 707. Here, Plaintiff does not have an official religious title, so this factor does not weigh in favor of a finding that the ministerial exception applies. Despite this, "an employee whose job duties reflect [ ] a role in conveying the Church's message and carrying out its mission is likely to be covered by the exception, even if the employee devotes only a small portion of the workday to strictly religious duties and spends the balance of her time performing secular functions." *Puri*, 844 F.3d at 1160 (internal quotations omitted) (alterations in original). Plaintiff has expressly admitted that her job duties involved conveying the Church's message.

    Here, it is clear that every factor cuts in favor of the ministerial exception applying, except for Plaitniff's lack of formal membership in the Catholic clergy. The faculty and staff of Our Lady of Guadalupe School "are committed to faith-based education, providing a quality Catholic education for the students and striving to create a spiritually enriched learning environment, grounded in Catholic social teachings, values, and traditions." (PUMF 4). Plaintiff does not seriously dispute this, contending only that Plaintiff did not feel formally "called" to the ministry. This is irrelevant. The Court must consider Plaintiff's actual duties, not whether she personally felt called to the ministry. In fact, the Second Circuit recently held that employees of Catholic schools who are not formally ordained members of the clergy can be covered by the exception. *See Fratello v. Archdiocese of New York*, 863 F.3d 190 (2d Cir. 2017).

    Plaintiff clearly sought to carry out the School's mission by, for example, integrating Catholic values and teachings into all of her lessons, leading the students in religious plays, and attending regular catechist certifications. She also taught her students the tenets of the Catholic religion, how to pray, and instructed them on a host of other religious topics. Plaintiff also administered the yearly assessment of the

                                                                                                             :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-09353-SVW-AFM | Date | September 27, 2017 |
| Title | *Agnes Deirdre Morrissey-Berru v. Our Lady of Guadalupe School* | | |

children religious education test. (UF 10-28). While she also had secular duties, that does not place her outside the scope of the ministerial exception. Accordingly, Plaintiff is covered by the ministerial exception.[2]

### IV. Conclusion

Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

---

[2] It is undisputed that Plaintiff continued to engage in religion-related activities even during her part-time status. The analysis therefore does not meaningfully differ between her part-time role and her full-time role.

                                                                                                   Initials of Preparer    PMC