**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGNES DEIRDRE MORRISSEY-BERRU, an individual,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>OUR LADY OF GUADALUPE SCHOOL, a California non-profit corporation,<br><br>            Defendant-Appellee. | No.    17-56624<br><br>D.C. No.<br>2:16-cv-09353-SVW-AFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before:  RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,[**] District Judge.

Agnes Deirdre Morrissey-Berru brought a claim under the Age

Discrimination in Employment Act ("ADEA") against her former employer, Our

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable James Rodney Gilstrap, United States District Judge for the Eastern District of Texas, sitting by designation.

Lady of Guadalupe School (the "School"). The only issue reached by this Court is whether the district court properly granted summary judgment in favor of the School on the basis that Morrissey-Berru was a "minister" for purposes of the ministerial exception. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[1]

This Court reviews a grant of summary judgment *de novo* and views the evidence in the light most favorable to the non-moving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

In *Hosanna-Tabor Evangelical Lutheran Church & School v. EEOC*, the Supreme Court recognized the ministerial exception for the first time, 565 U.S. 171, 188 (2012), and considered the following four factors in analyzing whether the exception applied: (1) whether the employer held the employee out as a minister by bestowing a formal religious title; (2) whether the employee's title reflected ministerial substance and training; (3) whether the employee held herself out as a minister; and (4) whether the employee's job duties included "important religious functions," *id.* at 191–92. *Hosanna* expressly declined to adopt "a rigid formula for deciding when an employee qualifies as a minister," and instead considered "all the circumstances of [the employee's] employment." *Id.* at 190.

---

[1] We assume the parties' familiarity with the facts and procedural history of this case.

Considering the totality of the circumstances in this case, we conclude that the district court erred in concluding that Morrissey-Berru was a "minister" for purposes of the ministerial exception. Unlike the employee in *Hosanna-Tabor*, Morrissey-Berru's formal title of "Teacher" was secular. Aside from taking a single course on the history of the Catholic church, Morrissey-Berru did not have any religious credential, training, or ministerial background. Morrissey-Berru also did not hold herself out to the public as a religious leader or minister.

Morrissey-Berru did have significant religious responsibilities as a teacher at the School. She committed to incorporate Catholic values and teachings into her curriculum, as evidenced by several of the employment agreements she signed, led her students in daily prayer, was in charge of liturgy planning for a monthly Mass, and directed and produced a performance by her students during the School's Easter celebration every year. However, an employee's duties alone are not dispositive under *Hosanna-Tabor*'s framework. *See Biel v. St. James Sch.*, 911 F.3d 603, 609 (9th Cir. 2018). Therefore, on balance, we conclude that the ministerial exception does not bar Morrissey-Berru's ADEA claim.[2] *See id.* at 608–11 (holding that the ministerial exception did not apply under similar circumstances).

---

[2] As the district court indicated, Morrissey-Berru's ADEA claim, based on her demotion, appears to be time barred. However, we leave it to the district court to resolve this issue in the first instance on remand.

**REVERSED.**